THE PEOPLE *ex rel.* Frank C. Vaughan, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1911.*

This case is controlled by the decision in *People* v. *Fenton and Thomson Railroad Co.* (*ante*, p. 372.)

APPEAL from the County Court of Lee county; the Hon. ROBERT H. SCOTT, Judge, presiding.

HENRY S. DIXON, and GEORGE C. DIXON, for appellant.

HARRY EDWARDS, State's Attorney, (J. E. LEWIS, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lee county overruling appellant's objections to judgment for a certain road and bridge tax of the town of Amboy and rendering judgment for the tax. Appellant paid all other taxes levied against it in Lee county but refused to pay the road and bridge tax extended against its property in the town of Amboy, levied by the commissioners of highways of said town under section 14 of the Road and Bridge act. That section authorizes a levy, not exceeding twenty-five cents on the $100, in addition to the tax authorized to be levied under section 13, if in the opinion of the commissioners it is needed "in view of some contingency." Other objections are made to the validity of the tax objected to, but in our view of the case only the first objection need be considered. That objection is, that the certificate of the commissioners of highways required to be made by section 14 was insufficient.

The certificate states that in addition to the tax levied under section 13 an additional levy of eighteen cents on

the $100 was required "to complete payment for erection of a new bridge across a new channel (drainage) of Green river." The construction of section 14, and what is a contingency within the meaning of the law, and what is required to make a certificate levying a tax under said section valid, have frequently been before this court. The precise question was decided at the present term in *People* v. *Fenton and Thomson Railroad Co. (ante,* p. 372.) Under the authority of previous decisions and the case cited the levy of the tax under section 14 must be held invalid, and the county court should have sustained appellant's objection to a judgment therefor.

The judgment of the county court is reversed.

*Judgment reversed.*